# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD GRANBERRY,<br>　　　　　Petitioner,<br>　　v.<br>SUPER. BROOKS, et al.,<br>　　　　　Respondents | C.A. No. 04-241 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.　　RECOMMENDATION

It is respectfully recommended that Petitioner's motion for temporary restraining order or preliminary injunction [Document # 22] be denied.

---

### II.　　REPORT

#### A.　　Procedural History

Petitioner, an inmate, filed this petition for writ of habeas corpus alleging that he is being denied parole unfairly. On June 14, 2005, Petitioner filed a motion for temporary restraining order or preliminary injunction requesting that this Court "requir[e] the Respondents to arrange for a reparole hearing applying the law the [sic] was in effect when Petitioner's offense occurred, and to a preliminary injunction requiring the Respondents to conduct the review in accordance with the law which states that the Petitioner is a nonviolent offender." Document # 22.

#### B.　　Standard of Review

A preliminary injunction is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993).

To obtain a preliminary injunction, the movant must demonstrate both (1) that he is reasonably likely to succeed on the merits and (2) that he is likely to experience irreparable harm without the injunction. <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 484 (3d Cir.2000). If both of these factors are shown, the effect on the nonmoving parties and the public interest may be considered. <u>Id.</u> at 484. As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. <u>Neo Gen Screening, Inc. v. TeleChem Intern., Inc.</u>, 69 Fed.Appx. 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. <u>Id.</u> The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two issues; however, the same is not true of the second two issues. <u>Id</u>. Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." <u>Punnett v. Carter</u>, 621 F.2d 578, 582 (3d Cir.1980); <u>see</u> <u>also</u> <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly, " and only when the status quo is one of action that will inflict irreparable injury on the movant. <u>United States v. Price</u>, 688 F.2d 204, 212 (3d Cir.1982).

The factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. <u>Fink v. Supreme Court of Pennsylvania</u>, 646 F.Supp. 569, 570 (M.D.Pa. 1986). Injunctive relief "must be reserved for extraordinary circumstances...." <u>Hoxworth v. Blinder, Robinson & Co. Inc.</u>, 903 F.2d 186, 189 (3d Cir. 1990).

If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. <u>Marxe v. Jackson</u>, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that the movant will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." <u>Instant Air Freight Co. v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). The movant bears this

burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, the movant must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

### C.    Petitioner's Motion

Because Petitioner is requesting mandatory relief (and not merely the preservation of the status quo), his burden to demonstrate the likelihood of success on the merits as well as irreparable harm is "particularly heavy." See Acierno, 40 F.3d at 653. Petitioner has not met this burden as he has not produced any evidence to support either his likelihood of success or his irreparable injury. In his brief in support of his motion, Petitioner has only argued the merits of his underlying claim in an effort to achieve a quicker result from this Court. It is Petitioner's burden to produce the evidence to support his request for injunctive relief, see Neo Gen Screening, Inc., *infra*, and he has failed to do so.

Accordingly, his motion should be denied.

## III.   CONCLUSION

Plaintiff's motion for injunctive relief [Document # 22] should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the

date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                          S/ Susan Paradise Baxter
                                                          SUSAN PARADISE BAXTER
                                                          CHIEF UNITED STATES MAGISTRATE JUDGE